```
                                                  U.S. DISTRICT COURT
                                                  DISTRICT OF VERMONT
           UNITED STATES DISTRICT COURT                  FILED
                    FOR THE
              DISTRICT OF VERMONT                 2013 DEC -4  PM 12:45

                                                        CLERK
                                                  BY_____
                                                        DEPUTY CLERK
```

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:13-cr-160 |
| v. | ) |
| | ) (18 U.S.C. §§ 371, 1030(a)(2), |
| | ) 1030(c)(2)(B)(iii), 1343, and 2) |
| NIMA GOLESTANEH, | ) |
| *Defendant* | ) |

## INDICTMENT

The Grand Jury Charges:

### COUNTS 1-4

1. At all times relevant to this indictment:

   a. A Vermont-based engineering consulting and software company (hereinafter "VT Company") did business in interstate and foreign commerce.

   b. VT Company's primary product was proprietary software that assists users in, among other things, aerodynamics analysis and design.

   c. VT Company marketed its products, including its proprietary software, through its website. In order to obtain a copy of the software, customers downloaded a locked version of the software and received a special hardware key, or "dongle," with a code to allow access to the software.

   d. VT Company normally sold its proprietary software for more than $5,000.00 per unit.

### THE SCHEME

2. From in or about April 2012 through in or about May 2013, the defendant NIMA

GOLESTANEH and others known and unknown to the grand jury devised and intended to devise a scheme to defraud VT Company and others, and to obtain property from VT Company by means of materially false and fraudulent pretenses, representations, and promises.

MANNER AND MEANS

3. It was part of the scheme that NIMA GOLESTANEH would acquire access to servers, including Server 1 and Server 2, knowing that they would be used, among other things, to obtain unauthorized access to other computers.

4. It was further a part of the scheme that others would use the servers NIMA GOLESTANEH had acquired to conduct unauthorized computer intrusions so that the intrusions would be more difficult to trace.

5. It was further a part of the scheme that NIMA GOLESTANEH and others would use a variety of names and email addresses to further conceal their identities and their association with the computer intrusions.

6. It was further a part of the scheme that an accomplice would use servers NIMA GOLESTANEH had acquired to gain unauthorized access to VT Company's computers despite the VT Company's security precautions.

7. It was further a part of the scheme that an accomplice would use the unauthorized access to VT Company's computers to steal VT Company's primary software and other proprietary information and to transmit such software and information to at least one server NIMA GOLESTANEH had acquired.

WIRE FRAUD

8. On or about the following date, in the District of Vermont and elsewhere, the defendant NIMA GOLESTANEH and others known and unknown to the grand jury knowingly

caused to be transmitted by means of wire communication in interstate and foreign commerce the following signals and sounds in furtherance of the scheme to defraud:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | October 22, 2012 | From Server 1 outside of the United States to VT Company's website hosted in Vermont, transmission of computer commands designed to provide unauthorized access |
| 2 | October 22, 2012 | From Server 2 outside of the United States to VT Company's website hosted in Vermont, transmission of computer commands designed to provide unauthorized access |
| 3 | October 22, 2012 | From a computer outside the United States (Computer 3), to VT Company's website hosted in Vermont, transmission of computer commands designed to provide unauthorized access |
| 4 | October 22, 2012 | From a VT Company computer in Vermont to Server 2 outside of the United States, transmission of proprietary software and other proprietary information |

(18 U.S.C. §§ 1343 & 2)

3

## COUNT 5

1. The grand jury repeats and realleges paragraphs 1 through 7 of Counts 1-4 of this indictment.

CONSPIRACY

2. From in or about April 2012 through in or about May 2013, in the District of Vermont and elsewhere, the defendant NIMA GOLESTANEH and others known and unknown to the grand jury knowingly and willfully conspired with each other and others to intentionally access a computer without authorization and thereby obtain information from a protected computer where the value of the information obtained exceeded $5,000.00, in violation of 18 U.S.C. 1030(a)(2) and 1030(c)(2)(B)(iii).

OVERT ACTS

3. In furtherance of the conspiracy, NIMA GOLESTANEH acquired access to servers, including Server 1 and Server 2, knowing that they would be used, among other things, to obtain unauthorized access to other computers.

4. In furtherance of the conspiracy, on or about October 22, 2013, an accomplice sent a wire communication from Server 1 located outside the United States to VT Company's website hosted in Vermont transmitting computer commands designed to provide unauthorized access.

5. In furtherance of the conspiracy, on or about October 22, 2013, an accomplice sent a wire communication from Server 2 located outside the United States to VT Company's website hosted in Vermont transmitting computer commands designed to provide unauthorized access.

6. In furtherance of the conspiracy, on or about October 22, 2013, an accomplice sent a wire communication from a computer located outside the United States (Computer 3) to VT

Company's website hosted in Vermont transmitting computer commands designed to provide unauthorized access.

7. In furtherance of the conspiracy, on or about October 22, 2013, an accomplice sent a wire communication from a VT Company computer in Vermont to Server 2 outside the United States transmitting VT Company's proprietary software and other proprietary information.

(18 U.S.C. § 371)

## COUNT 6

1.      On or about October 22, 2013, in the District of Vermont and elsewhere, the defendant NIMA GOLESTANEH intentionally accessed, and aided and abetted the accessing of, a computer without authorization, and thereby obtained information from a protected computer where the value of the information obtained exceeded $5,000.00.

(18 U.S.C. § 1030(a)(2) and (c)(2)(B)(iii) and 2)

A TRUE BILL

███████████████

*Tristram J. Coffin by Eugenia A.P. Cowles*
TRISTRAM J. COFFIN (EAPC)
United States Attorney
Rutland, Vermont
December 4, 2013